Helen Snyder, Appellee, v. Jason F. Whitney and Paul Longone, Trading as Chicago Civic Opera Company. 20 Wacker Drive Building Corporation, Appellant.

Gen. No. 41,043.

Opinion filed May 13, 1941.

HENRY H. CALDWELL, of Chicago, for appellant.

No appearance for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This action at law for damages was filed by plaintiff, Helen Snyder, on December 10, 1937. The praecipe and statement of claim herein was entitled "Helen Snyder vs. 20 Wacker Drive Building Corporation, Jason F. Whitney and Paul Longone, doing business as Chicago City [Civic] Opera Company."

Plaintiff's statement of claim alleged substantially that by reason of the failure of defendants to observe certain ordinances of the city of Chicago and by reason of the failure of an usher to properly direct a flashlight upon certain stairs, she fell and was injured while a patron in the Chicago Civic Opera Building and suffered damages to the extent of $450.

Defendant Jason F. Whitney was personally served with summons on December 14, 1937, and a return to that effect was made on the original summons. The original summons also contained thereon the return "the other defendant cannot be found in the City of Chicago this 24th day of December, 1937. Albert J. Horan, Bailiff, by Bills, Deputy." What purported to be an alias summons was served upon the defendant 20 Wacker Drive Building Corporation on May 19, 1939. This corporate defendant filed "a special and limited appearance for the sole purpose of moving the court to quash the purported service of a summons as to it, the 20 Wacker Drive Building Corporation." Said defendant filed a motion for an order "quashing the purported summons and to dismiss the suit as to it." In support of this motion this defendant filed a

verified petition, the pertinent portions of which are as follows:

"That the alleged cause of action arose on or about December 13, 1936.

"That suit was begun by the plaintiff on December 10, 1937, and the summons then issued named the 20 WACKER DRIVE BUILDING CORPORATION, JASON F. WHITNEY and PAUL LONGONE, doing business as CHICAGO CITY OPERA COMPANY.

"That the only named defendant served was the individual JASON F. WHITNEY, and that the bailiff was not directed to attempt to serve the other named defendants.

"That no attempt was ever made to obtain service on the 20 WACKER DRIVE BUILDING CORPORATION until the issuance of a certain summons on May 19, 1939.

"That the 20 WACKER DRIVE BUILDING CORPORATION was not made a party defendant herein within two years last succeeding December 13, 1936.

"WHEREFORE, your petitioner prays that an order may be entered in this cause quashing the purported service of summons as to the 20 WACKER DRIVE BUILDING CORPORATION, and your petitioner prays that an order may be entered herein dismissing the alleged cause of action as to the said defendant for failure to obtain the service of summons upon said defendant within two years last succeeding December 13, 1936."

The following counter affidavit verified by plaintiff's attorney was also filed:

"THIS AFFIANT further states that on, to wit, December 10th, A. D. 1937, he caused to be filed in the Municipal Court of Chicago, a praecipe and statement of claim, and a summons was issued as to 20 WACKER DRIVE BUILDING CORPORATION, JASON F. WHITNEY, and PAUL LONGONE, doing business as CHICAGO CITY OPERA COMPANY; that said summons was placed in the hands of the bailiff of the Municipal Court for service; that the return on said summons on December 24th, A. D.

1937, shows; JASON F. WHITNEY, duly served; 20 WACKER DRIVE BUILDING CORPORATION and PAUL LONGONE, not found.

"THIS AFFIANT further states that he paid the sheriff a fee of Two ($2.00) Dollars for the service of said summons.

"THIS AFFIANT further states that subsequent thereto on, to wit, May 19th, A. D. 1939 he caused to be presented to the Clerk of the Municipal Court the original summons which showed that the defendant, 20 WACKER DRIVE BUILDING CORPORATION, had not been served and could not be found, and an alias summons was so issued as to said 20 WACKER DRIVE BUILDING CORPORATION and PAUL LONGONE by the Clerk of the Municipal Court and said alias summons was then and there placed in the hands of the bailiff of the Municipal Court and subsequent thereto due service was had upon the defendant 20 WACKER DRIVE BUILDING CORPORATION."

After a hearing the corporate defendant's motion to quash the alias summons was denied. Said defendant, electing to stand on its motion and special appearance, filed its notice of appeal "from the judgment of the Municipal court of Chicago, overruling its motion to quash service of summons as to it, and from the judgment of said court, placing appellant in default." Plaintiff filed no brief in this court.

Section 2 of Rule 5 of the Rules of Practice and Procedure of the Supreme Court provides:

"Where the plaintiff fails to show reasonable diligence to obtain service through the issuance of alias *writs,* the action may be dismissed on the application of any defendant or on the court's own motion."

Rule 7 of the Revised Civil Practice Rules of the Municipal Court of Chicago is as follows:

"Upon the filing by the plaintiff of a praecipe for summons or other writ in an action in which service of the summons or writ is to be made or attempted

to be made within the City of Chicago, the plaintiff, unless the defendant shall have entered his or their appearance, shall deliver to the clerk the summons or other writ specified in the praecipe *and shall also deliver to the bailiff as many copies of the summons or writ as there are defendants to be served,* to each of which copies there shall be attached a true and correct copy of the praecipe and statement of claim and the other papers filed therewith, including all signatures thereto, names of persons and places contained therein and endorsements thereon, and the clerk shall thereupon sign and seal the original summons or writ and shall stamp each of the copies thereof with the words 'A True Copy' and shall deliver the same back to the plaintiff.'' (Italics ours.)

The law is clear that unless an original summons is returned not found or not served, the clerk of the court has no authority to issue an alias summons. (*Daly v. City of Chicago,* 295 Ill. 276; *Johnson v. Mead,* 58 Mich. 67; *White v. Superior Court,* 126 Cal. 245.) It will be noted that the foregoing rule of the municipal court provides that the plaintiff ''shall deliver to the clerk the summons . . . and shall also deliver to the bailiff as many copies of the summons . . . as there are defendants to be served . . . and the clerk shall thereupon sign and seal the original summons . . . and shall stamp each of the copies thereof with the words 'A True Copy' and shall deliver the same back to the plaintiff.''

Plaintiff's attorney admits that although there were three defendants named in both the praecipe and statement of claim and the original summons, he only delivered the original summons and two copies thereof to the clerk; that after executing the original summons and stamping each of the two copies thereof, ''A True Copy,'' the clerk returned same to him; and that he delivered said original summons and the two copies of same to the bailiff.

The original summons was, of course, not available for service upon any of the defendants since it was the bailiff's official record and kept in his files. As already stated, the names of three defendants appeared on the summons and the copies thereof, but there were only two copies of the summons available for service. It is agreed that one of said copies was properly served upon the defendant Whitney and a return to that effect made upon the original summons. As heretofore shown, the original summons also contained thereon the return, "The other defendant cannot be found in the City of Chicago."

The defendant 20 Wacker Drive Building Corporation contends that plaintiff never delivered a copy of the original summons to the bailiff for service upon it, that therefore the bailiff's return of "other defendant cannot be found" could have no reference to it and that the clerk had no authority under the circumstances to issue an alias summons for the 20 Wacker Drive Building Corporation. Plaintiff insisted in the trial court that the alias summons was properly issued and served upon appellant. Thus, the question of fact is directly presented as to whether a copy of the original summons was ever delivered to the bailiff for service upon the defendant 20 Wacker Drive Building Corporation.

Upon the hearing on appellant's motion to quash the alias summons, David S. Bills, the deputy bailiff, to whom the two copies of the original summons were assigned and delivered for service, was called as a witness by the court. He testified, "When I received my work that morning—got my work out of the box that morning, I noticed in the body of the writs I had there were three different defendants but I only had summons for Jason F. Whitney and Paul Longone, so I went back to the desk, over to the Assignment Man and asked him was there another service to be made. He searched his books—rather he went to his books and found that there were only two and he told me

there were only two; one for Jason F. Whitney and the other for Paul Longone . . . We don't get the original summons . . . only time we do get the original summons is when we shall have made service and we have made a return . . . We sign the return . . . That is all we look at . . . I made an appeal to the Assignment Man after having read mine that I received, asking wasn't there another service to be made. He searched his record or his books, whatever he has, and told me, 'No.' He said, 'There has only been two services paid for, that is: Whitney and Longone.' ''

Upon cross-examination by plaintiff's attorney and at his request, Bills produced his record of summonses assigned to him for service, including the two copies of the original summons in this case. In response to said attorney's questions he testified that his report showed that he served the defendant Whitney personally on December 14, 1937, and that there was the following memorandum in his report as to defendant Longone: ''Plaintiff home sick. Returned by order of attorney on the 15th day of December, 1937.'' Bills further testified that he made no attempt to get service on the 20 Wacker Drive Building Corporation ''because I never had a summons for them''; that he ''never was requested to serve the summons on the 20 North Wacker . . . from . . . the heads of my department''; that before he made his return on the two copies of the summons he again talked to his immediate superior; that ''I noticed the 20 Wacker Drive Building Corporation was included . . . I only received two writs, one for Whitney and one for Longone, and I asked him was there another writ to be served. He searched his file and said 'No, there is only service paid for to be served on Whitney and Longone' ''. Bills also testified that he received his directions as to service from his office on slips attached to the copies of the summons; and that he had no knowlledge as to any directions as to service, which plain-

tiff's attorney may have indicated on the original summons or otherwise when such summons and the two copies thereof were filed in the bailiff's office.

A young lawyer who was associated with plaintiff's attorney testified that he filed the "papers" in this suit with the clerk; that before doing so "I checked the names on the summons in reference to . . . Whitney and 20 Wacker Drive Building"; that the ink check marks on the copy of the summons shown to the witness were in his handwriting; that he indicated to the clerk that the two copies of the summons which he presented with the original summons were for the defendants Whitney and 20 Wacker Drive Building Corporation; that when he delivered to the clerk the summons and the two copies thereof he also handed him a typewritten sheet indicating that the two copies of the summons were for service upon the 20 Wacker Drive Building Corporation and Whitney; and that he checked the files in this cause about a month or two after the original summons had been returned and learned that the 20 Wacker Drive Building Corporation had not been served. The photostatic copy of the original summons, which is in the record, does not show any ink check marks at the name of Whitney or the 20 Wacker Drive Building Corporation and neither does it contain any indication that plaintiff directed which of the defendants were to be served.

Plaintiff's evidence was to the effect that her attorney did give directions to the clerk that one of the two copies of the summons was to be served upon the 20 Wacker Drive Building Corporation. Such directions, however, were immaterial and unavailing since the clerk had nothing to do with the service of summons. No evidence was presented that plaintiff's attorney at any time requested or directed the bailiff to serve a copy of the summons on the 20 Wacker Drive Building Corporation. On the other hand the undis-

puted testimony of Bills, the deputy bailiff, was that he was directed by his superiors to serve the two copies of the summons which were delivered to the bailiff's office upon the defendants Whitney and Longone, respectively, and it must be assumed in the absence of evidence to the contrary that no copy of the summons was delivered to the bailiff's office for service upon the 20 Wacker Drive Building Corporation and that Bills' superiors properly performed their official duties. Bills testified positively that he noticed that there were three defendants named in the summons, that he was given only two copies of the summons, that he made several inquiries of the assignment clerk in the bailiff's office to ascertain if there was not another copy of the summons for service upon the 20 Wacker Drive Building Corporation and that he was informed on the occasion of each inquiry that no service had been requested or paid for as to the 20 Wacker Drive Building Corporation. Bills' record of the summonses assigned to him for service, produced at the request of plaintiff's attorney, showed that one of the copies of the summons which he received in this case was for the defendant Whitney, whom he served personally and the other was for Longone, who was sick and as to whom he made the return of not found. Bills also stated that he never attempted to serve the 20 Wacker Drive Building Corporation and that his return of not found as to the "other defendant" could not have referred to said corporate defendant since he was never furnished with a copy of the summons for service upon it.

Since it clearly appears that no copy of the summons was delivered to the bailiff "to be served" upon the 20 Wacker Drive Building Corporation, there could not have been a return of not found as to that defendant. Without such a return the clerk had no authority to issue an alias summons as to it. The fact that the clerk did issue the alias summons has no legal signifi-

cance, since he had no authority to do so. We are impelled to hold that the trial court should have sustained the motion to quash the alias summons.

Should this case be dismissed as to defendant 20 Wacker Drive Building Corporation? As heretofore shown, section 2 of Rule 5 of the Supreme Court provides that "where the plaintiff fails to show reasonable diligence to obtain service through the issuance of alias writs, the action may be dismissed on the application of any defendant or on the court's own motion." Since there is no rule of the municipal court covering the subject, we think that the foregoing rule of the Supreme Court is especially applicable to the situation presented here. Not only did plaintiff fail to show reasonable diligence to obtain service upon defendant 20 Wacker Drive Building Corporation through issuance of alias summonses but she never even filed a copy of the original summons for service upon said defendant. We are of opinion that the facts in this case furnish such a clear case of lack of diligence on the part of plaintiff to obtain service of summons upon defendant 20 Wacker Drive Building Corporation that this action should be dismissed as to said defendant.

For the reasons stated herein the order of the municipal court denying the motion of defendant 20 Wacker Drive Building Corporation to quash the purported alias summons issued by the clerk and served upon it is reversed and the cause remanded with directions to quash such alias summons and to dismiss this suit as to defendant 20 Wacker Drive Building Corporation.

*Order reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.