**Ronald Sullivan and Chief Thomas J. Sullivan, Plaintiffs-Appellants, v. Nissen Trampoline Company, et al., Defendants-Appellees.**

**Gen. No. 50,452.**

First District, First Division.

April 10, 1967.

Louis M. March, of Chicago, for appellants.

Price, Noetzel, Schlager & Burgeson, of Chicago (John F. Laughlin, of counsel), for appellee, Nissen Trampoline Company.

Norman J. Barry and Donald E. Egan, of Chicago (Rothschild, Hart, Stevens & Barry, of counsel), for appellee, Lincoln Devon Bounceland, Inc.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an action for personal injuries and damages sustained by plaintiff from the alleged negligence of the defendants in providing rental of certain trampolines to the public including plaintiff, Ronald Sullivan. The motion of defendants Nissen Trampoline Company and Lincoln Devon Bounceland, Inc. to quash service of summons for plaintiff's failure to proceed diligently in accordance with Illinois Supreme Court Rule 4(2), and to dismiss the complaint against them, was allowed, and plaintiffs appeal.

The alleged cause of action arose on July 26, 1960, and suit was filed on July 26, 1962. That same day summons was placed for service against Lincoln Devon Bounceland, Inc. and returned not found. No summons was placed for service against Nissen Trampoline Company at that time. No further action was taken until July 8, 1964, when alias summons were issued and served shortly thereafter on Nissen Trampoline Company, a foreign corporation, and on Lincoln Devon Bounceland, Inc.

On August 19, 1964, Lincoln Devon Bounceland, Inc. filed a general appearance and a motion to dismiss, pursuant to Supreme Court Rule 4(2), and in support thereof attached an affidavit of Donald E. Egan who was associated with the law firm that filed the appearance. Nissen Trampoline Company filed a special and limited appearance on September 24, 1964, and on the same day filed a motion to quash pursuant to the Supreme Court Rule. On December 14, 1964, the motions of the defendants to dismiss were granted with a finding that there is no just cause to delay the enforcement of the order.

2

Section 4(2) of the Rules of the Supreme Court of Illinois which is headed, "Alias Writs—Dismissal for Lack of Diligence" provides that:

(2) If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed on the application of any defendant or on the court's own motion. (Ill Rev Stats 1963, c 110, § 101.4(2).)

Plaintiffs contend that (1) where the defendants had knowledge of the accident and their insurance company held out hope to the plaintiffs by promises to adjust their claims they are estopped from taking advantage of the delay in the service of summons; (2) genuine disputed questions of fact were raised on the affidavits filed in connection with the motion to dismiss and the motion should therefore have been denied; and (3) the filing of a general appearance of Lincoln Devon waived any claimed defects in service.

The plaintiffs filed an answer to Lincoln Devon's motion to quash service alleging that Miss Hill, the defendant's agent, was present at the time of the occurrence on July 26, 1960, and that Lincoln Devon was fully apprised of the facts. Plaintiff's attorney alleged in a supporting affidavit that on the date of the occurrence Miss Hill sent nineteen-year-old Ronald Sullivan to Dr. Zachary for medical services. Shortly thereafter the boy's father, Chief Thomas Sullivan, informed Lincoln Devon by telegram of the occurrence. On February 27, 1962, plaintiff's counsel served Lincoln Devon with a notice of attorney's lien and in his affidavit he stated that he received a letter dated February 27, 1962, from Safety & Claims Service, Inc. acknowledging the notice of lien and informing him that as adjusters for Lincoln Devon, "We shall be glad to discuss this claim with you at any convenient time." Also attached to the affidavit was a medical report of Dr. Sugar dated August 20, 1960, which was mailed to Dr. Zachary and informed

3

him of the medical services he had rendered to Donald Sullivan. It was also alleged that after Lincoln Devon was served with an alias summons their attorneys served plaintiff's counsel with a copy of a general appearance which was filed and with an answer to the complaint which was not filed, wherein they indicated that they were fully aware of the occurrence. It was further stated that upon the filing of the suit plaintiffs paid the sheriff for service upon defendants including Lincoln Devon and Nissen Trampoline Company.

The sole question before us is whether plaintiffs' suit against Lincoln Devon Bounceland, Inc. and Nissen Trampoline Company was properly dismissed for failure to show reasonable diligence to obtain service upon these firms. It is undisputed that plaintiffs brought this action on the last day before the statute of limitations would take effect. As to Nissen no summons appears to have been placed for service and no return was made regarding this firm by the Sheriff. As to Lincoln Devon it was not until almost two years after the original summons was returned unserved that plaintiffs placed an alias summons with the Sheriff and it was then that an alias summons was also placed for service upon Nissen.

The record does not reveal any showing of reasonable diligence to serve Lincoln Devon. It appears that it is an Illinois Corporation with a registered agent residing in Chicago. No explanation was made for the delay in placing an alias summons for almost two years. It is true that Lincoln Devon was aware of the accident and its adjusters acknowledged receipt of the attorney's lien served on them by the plaintiffs' attorney. It also appears that the last contact between them occurred six months prior to the filing of the suit. Plaintiffs have cited cases in support of their contention, but each of them involved the running of a statute of limitations and not the Supreme Court Rule for the expeditious handling

4

of suits which have been filed. There are no facts alleged by plaintiffs from which it can be concluded that they were induced by negotiations or of a promise of settlement which would estop the defendants from claiming a dismissal under Rule 4(2). As to Nissen, it is difficult to imagine a stronger case to invoke Rule 4(2) as no attempt was made to serve it until about four years after the occurrence and about two years after the suit was commenced. The trial court properly dismissed the suits against the defendants, Lincoln Devon Bounceland, Inc., and Nissen Trampoline Company. See Caliendo v. Public Taxi Service, Inc., 70 Ill App2d 86, 217 NE2d 369.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.