Lawrence Karpiel, Plaintiff-Appellant, v. LaSalle National Bank of Chicago, as Trustee Under Trust No. 29295, et al., Defendants-Appellees.

Gen. No. 69–124.

Second District.

January 27, 1970.

Gomberg, Missner & Schaps, of Chicago, for appellant.

Diver, Ridge, Brydges & Bollman, of Waukegan, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

An action brought under the Scaffolding Act was dismissed under Supreme Court Rule 103(b) [1] because of negligence of the plaintiff in failing to serve summons on the beneficiaries of the defendant trust within a reasonable time.

The appeal raises the narrow issue of whether a trial court exercises lawful discretion in dismissing a suit when attorneys for the plaintiff have been admittedly negligent in failing to serve summons within a few days short of 14 months after the filing of an amended complaint, but with no showing that substantive rights of the defendants have been prejudiced by the delay.

The original complaint was filed on June 15th, 1967, against the LaSalle National Bank of Chicago, as Trustee, alleging an incident of June 23rd, 1965. Summons was promptly served and two special appearances were filed by the Bank, by two different law firms, one of which is the same law firm now representing the beneficiaries of the trust. The special appearances were stricken and the bank ordered to plead and answer interrogatories. In lieu of a formal answer to the interrogatories, one of the attorneys for the trust furnished the names and addresses of the beneficiaries to the plaintiff on September 27th, 1967. On October 13th, 1967, an amended complaint was filed dismissing the bank as trustee

[1] Ill Rev Stats 1967, c 110A, § 103 (Supreme Court Rule 103). Alias Writs; Dismissal for Lack of Diligence.

(b) Dismissal for Lack of Diligence. If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed with or without prejudice on the application of any defendant or on the court's own motion.

and substituting Herbert H. Heyman and Howard M. Landau as parties defendant. Summons was issued for the first time against these defendants on December 5th, 1968, and served December 23rd, 1968. Both defendants filed a special appearance requesting dismissal of the suit under Supreme Court Rule 103, attaching affidavits which showed that both Heyman and Landau were, at all times, listed in the Chicago telephone directory and were amenable to service of summons.

Plaintiff filed a counteraffidavit setting forth that the attorneys for the trustee bank and the attorneys for the defendant beneficiaries are also the attorneys for an insurance company which indemnifies both the individual defendants and the bank as trustee. The counteraffidavit further set forth that since the case would not be tried under normal circumstances for some time, there was no prejudice by the delay in serving summons on the amended complaint.

The plaintiff's attorneys have admitted that they can offer no excuse for failure to serve summons on the amended complaint except an office error. The record clearly supports the finding of the trial court that plaintiff failed to show reasonable diligence to obtain service as required under Supreme Court Rule 103(b). The only defense made by the counteraffidavit of plaintiff is that the same insurance company represented the defendant trust and the subsequently served beneficiaries, Heyman and Landau, and that, therefore, there was knowledge of the filing of the suit when summons was served on the original complaint, so that justice and fairness require a hearing on the substantive merits of the case.

Prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run, was a primary reason for the passage of Supreme Court Rule 103(b) and its predecessors. The rule, however, is not based upon the subjective test of intent but rather

160

upon one of reasonable diligence. Caliendo v. Public Taxi Service, Inc., 70 Ill App2d 86, 88, 217 NE2d 369 (1966). The rule also has an essential purpose in promoting the expeditious handling of suits by giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence. Actual knowledge of the suit on the part of defendants will not prevent a lawful exercise of such discretion when, under all the circumstances, a trial court finds a plaintiff has failed to exercise reasonable diligence in effecting service. Sullivan v. Nissen Trampoline Co., 82 Ill App2d 1, 4, 226 NE2d 649 (1967).

Plaintiff argues that our opinion in DeCicco v. Reed, 77 Ill App2d 349, 222 NE2d 346 (1966), requires a reversal here upon the lack of showing of any substantive prejudice to defendants by the delay. We cannot agree. In DeCicco, we upheld the discretion of the trial judge in refusing to dismiss a suit when the delay was caused by plaintiff's failure to call up a motion to dismiss an original complaint, since the defendant had the same right to have the matter set for hearing as did the plaintiff. After the motion was disposed of, service of summons was promptly made after the filing of the second complaint. Here the amended complaint was filed substituting the beneficiaries of the trust as parties defendant on October 13th, 1967, and summons was issued for the first time on the amended complaint on December 5th, 1968, with service on December 23rd, 1968, approximately a year and a half after the statute of limitations would have run from the date of the June 23rd, 1965 incident. During all of the almost 14 months after charging the proper parties, plaintiff knew exactly where defendants could be served and the failure to obtain timely service was in no way caused or contributed to by the defendants.

■ The decision does not support plaintiff's argument that timely knowledge of the nature of a suit by a defendant automatically entitles a plaintiff to avoid

the sanction of dismissal. Such knowledge is merely a factor, among others, in determining whether a court has properly exercised its discretion in its finding as to whether there has been reasonable diligence in obtaining service.

 The finding of the trial court that plaintiff did not exercise reasonable diligence under all the circumstances is amply sustained by the evidence and we will not substitute our judgment for that of the trier of facts. Harvey v. Lippens, 87 Ill App2d 363, 368, 231 NE2d 613 (1967); Kohlhaas v. Morse, 36 Ill App2d 158, 162, 163, 183 NE2d 16 (1962).

The judgment below is affirmed.

Affirmed.

DAVIS, P. J. and MORAN, J., concur.