Mack Mosley and June Mosley, Plaintiffs-Appellants, v. Katherine Spears and Madison Smith, Defendants-Appellees, and Francis Russell, Defendant.

Gen. No. 53,805.

First District, First Division.

May 25, 1970.

Heller & Morris and Jerome H. Torshen, Ltd., of Chicago (Jerome H. Torshen, of counsel), for appellants.

Robert O. Rooney, Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiffs appeal from an order which struck and dismissed the complaint as it applied to nonresident defendants, Spears and Smith, on the ground that plaintiffs did not exercise reasonable diligence in obtaining service of summons upon these defendants. On appeal plaintiffs contend that they did in fact exercise reasonable diligence in obtaining service.

On July 6, 1966, plaintiffs filed a complaint against defendants Spears and Smith in the Circuit Court of Cook County. It was alleged that on July 7, 1964, defendants were negligent in the operation of a motor vehicle which collided with plaintiffs' vehicle "upon the Eisenhower Expressway at or near its intersection with Wells Street" in the City of Chicago. One of the original defendants, Francis Russell, was served with summons within a month. Defendant Smith was served in Detroit, Michigan, on August 7, 1967, and defendant Spears was served in Pontiac, Michigan, on August 10, 1967.

Thereafter, defendants Spears and Smith moved under then Supreme Court Rule 4 (now Supreme Court Rule 103(b)) to quash the summons for lack of diligence in service. Their motion substantially alleged that (1) they were not served until thirteen months after the lawsuit was filed almost two years after the occurrence; (2) that the records of the Chicago Police Department indicated the address of defendant Smith and the license number of the automobile; (3) that defendants were

amenable to service either personally or through the Secretary of State's office at all times between the time of the accident and the time that service was had; and (4) that defendants were prejudiced by the lack of diligence in obtaining service.

On October 3, 1968, the motion to dismiss plaintiffs' complaint as to Spears and Smith was granted. On October 23, 1968, plaintiffs moved to vacate the order of dismissal and alleged, among other things, the following:

"7. That the original summons herein was placed on July 6, 1966, the first original duplicate of same being attached hereto and made a part of this record, showing Plaintiff attempted service on Katherine Spears at 334 Wessen Street, Pontiac, Michigan and Madison Smith at 431 South Jessie, Pontiac, Michigan and that service was not obtained by the Sheriff of Oakland County, Pontiac, Michigan, and the best record of this Plaintiff and to the best of this Plaintiff's knowledge said Sheriff made a return not found, during the late months of August, 1966.

"8. That Plaintiff checked with the Secretary of State in the State of Michigan and found that the addresses were true and correct as could be determined at that time.

"9. That it was advised that the Plaintiff wait until 1967 and until new license applications were made and that the same was done and the new license check provided the Plaintiff with the same addresses. Whereupon Aliases were issued and service obtained in August, 1967.

"10. That the Defendant has not be (sic) prejudiced by any delay and that the Defendant has com-

mitted a tortious act within the State of Illinois and the Defendants' whereabouts are not so easily ascertained as one whose residence is constant within the jurisdiction of the Court and that the equitable powers of this Court should distinguish and extend that case law applicable to Rule 103(b) in this cause where the Defendants are out of the jurisdiction of the Court, service having been obtained within one (1) year and one (1) month after the filing of the law suit and within one (1) year and one (1) month of the tolling of the Statute of Limitations."

After a hearing, the court ordered plaintiffs' complaint stricken and dismissed with prejudice because of their failure to comply with the provisions of Supreme Court Rule 103(b).

Plaintiffs contend that they did exercise reasonable diligence in obtaining service upon defendants. They note that after the Sheriff in Michigan had returned their original timely summons "Not Found," they were advised to stay the issuance of a new summons until the defendants filled out new Michigan license applications for the year 1967. In this regard they note that the delay in service was not due to plaintiffs' lack of diligence, but from the failure of the Sheriff to obtain service. Plaintiffs also note that before a dismissal can take place it must be shown that no reasonable steps were taken to secure service, and that defendants' substantive rights were prejudiced. Among the authorities cited are Vukovich v. Custer, 415 Ill 290, 112 NE2d 712 (1953) ; Department of Public Works v. Lanter, 413 Ill 581, 110 NE 2d 179 (1953) ; and DeCicco v. Reed, 77 Ill App2d 349, 222 NE2d 346 (1966). In DeCicco v. Reed, it is stated (p 351) :

"In Vukovich v. Custer, 415 Ill 290, 112 NE2d 712 (1953), there was some delay in obtaining service of summons but the court held that it did not show

a lack of diligence nor was the defendant prejudiced. The court notes at page 293:

> " '. . . a technical and sterile application of the Civil Practice Act would contradict its command of a liberal construction and disregard its emphasis on the substantive rights of the parties.' "

Plaintiffs further argue that the fact plaintiffs were eventually able to obtain service on defendants indicates some diligence on their part; also, that the ruling of the trial court in this case goes far beyond the Appellate Court decisions which have established a standard for reasonable diligence. Among the authorities cited are Hahn v. Wiggins, 23 Ill App2d 391, 163 NE2d 562 (1959); Felton v. Coyle, 66 Ill App2d 4, 214 NE2d 359 (1965); and Davis v. Anthony, 67 Ill App2d 226, 214 NE 2d 603 (1966) (abst).

Plaintiffs finally argue, citing numerous authorities, that dismissals for lack of diligence have been affirmed only in situations where the time lapse has well exceeded one year and no explanation has been given for the delay. They also note that the Civil Practice Act should be liberally construed with a view toward the policy of deciding cases on their merits.

Defendants contend that "a delay of thirteen (13) months after the Statute of Limitations expired in order to obtain personal service outside the State instead of promptly serving the Secretary of State under the motor vehicle act long-arm statute is such lack of diligence as warranted dismissal." They note that there is nothing in the record to show that the Sheriff in Michigan returned the original summons "Not Found," and that plaintiffs' counsel was urged by the trial court to file an affidavit showing diligence in obtaining service, but counsel refused to do so. They also note that there was no need to wait thirteen months after the Statute of Limi-

tations had expired when they could have immediately served the Secretary of State of Illinois under the Non-Resident Motorist Statute (c 95½, § 9–301). They finally note that thirteen months is a sufficient time to show that due diligence has not been followed. Among the authorities cited are Caliendo v. Public Taxi Service Co., 70 Ill App2d 86, 217 NE2d 369 (1966) ; Kohlhaas v. Morse, 36 Ill App2d 158, 183 NE2d 16 (1962) ; and Snyder v. Whitney, 310 Ill App 297, 34 NE2d 95 (1941). In Caliendo v. Public Taxi Service Co., it was stated (p 88) :

> "Although prevention of intentional delay was one of the primary reasons for the passage of Rule 4(2), the subjective test of intent is not required by the rule; rather, the criterion is one of reasonable diligence. Kohlhaas v. Morse, 36 Ill App2d 158, 183 NE2d 16, cited by plaintiff, lends no support to the proposition that the defendant must prove that the plaintiff *intentionally* delayed service. In upholding the dismissal of certain defendants the court said: 'The unexplained failure to obtain service on a party until months after the statute had run could hardly be "reasonable diligence to obtain service, . . . ." ' The court went on to say that the holding was not to be understood as requiring that service be obtained within the time that suit must be filed, but that needless delay occurring after the time to file suit had expired would be a factor to be considered in ruling on the issue of due diligence."

██ ██ After examining the authorities cited by both sides as guidelines, we think that a motion for "dismissal for lack of diligence," to obtain service of summons, is addressed to the sound legal discretion of the court, and it is only when there is an abuse of discretion that a reviewing court will interfere. Although time is a most important element in determining whether "plaintiff fails

to show reasonable diligence to obtain service," we believe the instant situation came within the provisions of the then Supreme Court Rule 4 (now Supreme Court Rule 103(b)), and within the guidelines set forth in Kohlhaas v. Morse, where the court said (p 162):

"However, when that became the law, it was observed that a plaintiff might file a complaint near the end of the statutory time limit, and then delay service of summons for an indefinite period, thereby virtually nullifying the time limit as any protection to a defendant against stale claims. To prevent this, the Illinois Supreme Court adopted its Rule 4 . . . ."

The record also shows that the following took place during the hearing on plaintiffs' motion to vacate the order dismissing the complaint:

The Court: "I am not satisfied with the showing made in opposition. If you want to file an affidavit by the investigator or by the Sheriff, I will be glad to entertain it. I don't think what you have told me here is anything more than saying the Sheriff said she isn't there, therefore, you waited a year. That is not enough."

Mr. Forman: "Well, my—"

The Court: "Maybe you have an action against the Sheriff. What you have said isn't satisfactory to the Court."

Mr. Forman: "Well, your Honor, I am going to stand on my position. May I see the petition?"

The Court: "Yes."

. . . . . .

The Court: "You are adding things. If you will file additional material—I will be glad to let you file

41

what you have here, but there are gaps here, which are not explained. They are not explained as to what the investigator did or didn't know. You don't say anything as to what they did. If you want to file something else, I will be glad to let you file it. If you don't, I will have to rule on what you have."

Mr. Forman: "No, I don't. I want to stand on what I have presented to your Honor."

The Court: "Realizing the gaps are here?"

Mr. Forman: "Realizing whatever gaps are there."

The Court: "I will have to sustain the motion then."

The foregoing colloquy between court and counsel shows that the trial judge pointed out to plaintiffs' counsel that he was not satisfied with the showing of diligence made by plaintiffs and so stated and informed plaintiffs' counsel of the area not covered, but counsel did not accept or act upon the court's suggestions and did not file anything additional.

As it was not incumbent upon defendants to show that they had been prejudiced by the delay, the burden was on plaintiffs to show that they had obtained prompt service. Karpiel v. LaSalle Nat. Bank, 119 Ill App2d 157, 255 NE2d 61 (1970).

We conclude that the trial judge did not abuse his discretion in striking and dismissing with prejudice plaintiffs' complaint as to defendants Spears and Smith "for the plaintiffs' failure to comply with the provisions of Supreme Court Rule 103(b)."

For the foregoing reasons, the orders appealed from are affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.