EVELYN ROBERTS et al., Plaintiffs-Appellants, v. WILLIAM J. UNDERWOOD, Defendant-Appellee.

(No. 53660;

First District—April 23, 1971.

440

Louis M. March, of Chicago, for appellants.

Wildman, Harold, Allen & Dixon, of Chicago, (M. J. Gancy and D. L. Schiavone, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiffs appeal from an order of the trial court dismissing their complaint and entering judgment in favor of defendant. On appeal plaintiffs contend: (1) that the trial court erred in dismissing their cause of action and entering judgment for defendant; (2) that defendant's motion to dismiss was not timely filed; and (3) that the dismissal order violated due process and equal protection rights under the Fourteenth Amendment of the United States Constitution.

On November 30, 1966, plaintiffs filed a two count complaint. Count I alleged that defendant was a licensed dentist who was retained by plaintiff Evelyn Roberts to do dental work; that plaintiff was in the exercise of due care; that defendant owed a duty to plaintiff to perform the dental work and surgery as agreed upon but defendant was guilty of five specific acts of negligence causing pain and suffering, damage to plaintiff's "mouth and body and mental state" and other damage to the plaintiff in the total sum of $100,000. Count II by plaintiff John Roberts alleged loss of consortium by reason of defendant's acts of negligence and claimed damages of $50,000.

On December 28, 1966, a deputy sheriff of Cook County returned the summons which had been issued on November 30, 1966, with the notation that the named defendant was not found. Nothing was done by plaintiffs until eighteen months thereafter when, on June 7, 1968, plaintiffs had an alias summons issued which was served on defendant on June 13, 1968.

On July 11, 1968, defendant was granted an additional thirty days within which to appear and answer or otherwise plead to plaintiffs' complaint. On July 15 defendant filed his motion to dismiss pursuant to Supreme Court Rule 103(b). (Ill. Rev. Stat. 1967, ch. 110A, par.

103 (b).) In support of his motion defendant attached his affidavit which stated that for the past twenty years he had resided at 4026 North Kenneth Avenue, Chicago, Illinois; that for this same period of time his office was located at 4938 West Irving Park Road, Chicago; that for this period he had been listed in the telephone directory for the City of Chicago at both his residence and place of business; that for the past seven years he had a telephone answering service which would give his home telephone number to office callers; that he had been a licensed driver in the State of Illinois for over twenty years registered with the Secretary of State; and that for over twenty years he had been a member of the Chicago Dental Society and his name and address were available to the public from this society upon request.

These facts were not challeged in plaintiffs' answer to defendant's motion to dismiss. On September 20, 1968, the trial court granted defendant's motion to dismiss and entered judgment in his favor.

*Opinion*

Plaintiffs contend that the trial court erred in dismissing their causes of action and entering judgment in favor of defendant.

■■ The order of dismissal and the judgment for defendant were entered pursuant to the authority of Supreme Court Rule 103 (b) (Ill. Rev. Stat. 1967, ch. 110A, par. 103 (b) ) which provides:

> "*Dismissal for Lack of Diligence.* If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed with or without prejudice on the application of any defendant or on the court's own motion."

As stated in *Hansel v. Chicago Transit Authority, et al.,* 132 Ill.App.2d 402, 270 N.E.2d 553:

> "The rule is intended to prevent the practice of filing a suit in order to toll the applicable statute of limitations and then delaying the service of process for an unreasonably long period of time."

See also *Karpiel v. LaSalle National Bank of Chicago,* 119 Ill.App.2d 157; *Harvey v. Lippens,* 87 Ill.App.2d 363; and *Kohlhaas v. Morse,* 36 Ill. App.2d 158.

In the instant case plaintiffs unexplainedly waited until two days prior to the expiration of the two year limitation period to file suit and then delayed for an additional eighteen months before obtaining service of an alias summons on defendant. Plaintiffs' affidavit in opposition to defendant's motion to dismiss fails to present any excuse or justification for this delay in service despite the fact that defendant's affidavit showed his availability for service of summons.

■■ Plaintiffs argue that if Section 103 (b) as amended effective

January 1, 1970,* is applied, the dismissal would be without prejudice since the claim is founded on breach of an oral contract and the five year Statute of Limitations (Ill. Rev. Stat. 1967, ch. 83, par. 16), would permit a refiling of their complaint. The amendment was not effective until fifteen months after the dismissal order was entered and is therefore inapplicable. Additionally, plaintiffs' claim was clearly an action for damages for an injury to the person and therefore the two year Statute of Limitations (Ill. Rev. Stat. 1967, ch. 83, par. 15), was applicable. Since the complaint was filed only two days prior to the expiration of that limitation period, even under amended Section 103 (b) a dismissal with prejudice would be proper.

We find that the trial court did not err in dismissing plaintiffs' causes of action and entering judgment in favor of defendant.

Plaintiffs next argue that defendant's motion to dismiss was not timely filed. The record shows that defendant was served with alias summons on June 13, 1968. The supplemental record filed by defendant shows that on July 11, 1968, after giving due notice to plaintiffs, defendant moved for an additional thirty days within which to appear and answer or otherwise plead to plaintiffs' complaint. The trial court granted defendant's motion. On July 15, 1968, defendant filed his motion to dismiss. Therefore, plaintiffs' claim that the motion to dismiss was not timely filed is without merit.

■■ We point out that at no time did plaintiffs object to the alleged untimely filing by defendant of his appearance or motion to dismiss. Plaintiffs cannot now raise this point for the first time on appeal. *Setliff v. Reinbold*, 73 Ill.App.2d 208, and *Department of Finance v. Schmidt*, 374 Ill. 351.

Plaintiffs also contend that the dismissal of their complaint violated their due process and equal protection rights under the Fourteenth Amendment of the United States Constitution. However, plaintiffs cite no authority for this argument and we believe it is without merit. See *Horn v. City of Chicago*, 403 Ill. 549, 560.

The judgment is affirmed.

Judgment affirmed.

ENGLISH, P. J., and LORENZ, J., concur.

---

* Supreme Court Rules, 110A, § 103:

(b) *Dismissal for Lack of Diligence*. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion.