DILLARD J. PHIFER, JR., Plaintiff-Appellee, *v.* WILLIAM A. HAYES, Defendant-Appellant.

(No. 55798;

First District (2nd Division)—June 25, 1974.

*Rehearing denied July 26, 1974.*

636

Parrillo, Sims and Bresler, of Chicago (Murray W. Sims, Jr., of counsel), for appellant.

Karlin and Fleisher, of Chicago (Barry M. Woldman, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff-appellee Dillard J. Phifer, Jr. brought an action to recover damages occasioned by the alleged negligence of defendants William Hayes, Standard Oil Co., Booker Crockett, and Willie Thomas. In his complaint plaintiff alleged that Hayes struck and injured the plaintiff as Hayes drove his automobile on the premises of a Standard Oil gas station where the car was being repaired by Crockett and Thomas. Standard Oil Co. was dismissed from the case on its own motion and, on motion of the plaintiff, Crockett and Thomas were dismissed at trial. Judgment was subsequently entered in favor of the plaintiff in the amount of $10,000. Defendant Hayes now prosecutes this appeal from that judgment as well as from the trial court's order denying his petition to dismiss plaintiff's cause of action for lack of diligence in securing service of process on the defendant and denying his post-trial motion.

The sole issue on this appeal is whether the circuit court erred in concluding that the plaintiff exercised reasonable diligence in obtaining service of process upon defendant Hayes.

The following chronology of events sets out the pertinent facts of the case.

Nov. 15, 1962  Date of the accident resulting in plaintiff's injury.

Nov. 12, 1964  Plaintiff filed his complaint and placed a summons with the Sheriff of Cook County listing defendant's address as 720 E. 79th St., Chicago.

Dec. 12, 1964  Summons returned "not found."

Aug. 19, 1966  Plaintiff placed his first alias summons, listing defendant's address as 720 E. 79th St.

Sept. 8, 1966  First alias summons returned "not found."

Oct. 29, 1968   Plaintiff placed a second alias summons, listing defendant's address as 720 E. 79th St.

Oct. 31, 1968   Second alias summons returned "not found."

Mar. 13, 1969   Plaintiff placed a third alias summons, listing defendant's address as 7049 S. Lowe.

Mar. 16, 1969   Third alias summons returned "not found."

Sept. 1969   Defendant moved from Chicago to California.

Nov. 15, 1969   Plaintiff contacted the law firm of Parrillo, Sims, and Bresler and was informed that defendant was residing in California.

Dec. 29, 1969   Plaintiff placed a fourth alias summons with the Illinois Secretary of State.

Jan. 5, 1970   Plaintiff sent notice of this last summons to defendant at 7049 S. Lowe.

Jan. 15, 1970   Parrillo, Sims, and Bresler filed a special and limited appearance on behalf of defendant.

Thereafter defendant on March 12, 1970, filed his verified petition to dismiss plaintiff's cause of action due to lack of diligence in obtaining service of process upon defendant. Defendant alleged that he was first notified of this lawsuit when plaintiff issued the alias summons served on the Secretary of State on December 29, 1969; that from 1962 until 1963 he lived at 720 E. 79th St.; that he then moved to 2109 E. 68th St. where he resided until 1964 when he moved to 7049 S. Lowe; that in 1965 he moved to 6400 S. Woodlawn where he remained until moving to California in September, 1969; and that, from the date of the accident until September, 1969, he was employed by Dyman and Anderson Construction Co., 5839 W. Cleveland, Morton Grove, Illinois, which information appeared on the police accident prevention report dated November 15, 1962, a copy of which report was attached as an exhibit to the verified petition.

Plaintiff filed no responsive pleading to defendant's petition; nevertheless, the court, on March 13, 1970, denied defendant's petition. Thereafter the cause was assigned to the trial judge on May 28, 1970. The cause was heard by the trial court without a jury and, having heard all the evidence, the trial court on June 1, 1970, found in favor of plaintiff. Judgment was entered on June 1, 1970, against defendant in the amount of $10,000.

In his post-trial motion on June 24, 1970, defendant requested that the judgment be vacated and entered in his favor or, in the alternative, that he be granted a hearing on his post-trial petition to dismiss pursuant to Supreme Court Rule 103(b) (Ill. Rev. Stat. 1967, ch. 110A, par. 103(b)).

Responding to defendant's petition to dismiss, plaintiff on July 3, 1970,

stated that the court did not err in refusing to hear the petition, and that, by his attorneys, he acted with all due diligence in obtaining service of summons upon defendant. In support of this statement, plaintiff's attorney submitted his affidavit wherein he detailed at some length his efforts to serve the defendant, stating that plaintiff had no knowledge of where defendant had been employed, and that none of the investigation or police reports submitted by his investigators contained that information.

After conducting a hearing on this matter, the trial court on December 9, 1970, entered its order denying defendant's motion to vacate the judgment as well as the motion to dismiss the cause of action as to the defendant.

## I.

Defendant points out that he did not learn of the pendency of the action or receive service of summons until 7 years after the occurrence and 5 years after the statute of limitations would have run, had the action not been filed. He contends that any efforts to locate him made by plaintiff were minimal and do not meet the required standards of reasonable diligence.

Defendant based his petition upon Supreme Court Rule 103(b) which provides:

> "Dismissal for Lack of Diligence. If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed with or without prejudice on the application of any defendant or on the court's own motion." Ill. Rev. Stat. 1967, ch. 110A, par. 103(b).[1]

■■ This rule was intended to prevent the practice whereby a plaintiff would effectively circumvent the statute of limitations by filing suit within the applicable statutory period but then delay the service of process for an unreasonably long period of time (*Kohlhaas v. Morse* (1962), 36 Ill.App.2d 158, 162, 183 N.E.2d 16; *Hansel v. Chicago Transit Authority* (1971), 132 Ill.App.2d 402, 409, 270 N.E.2d 553; *Roberts v. Underwood* (1971), 132 Ill.App.2d 439, 441, 270 N.E.2d 547). While prevention of intentional delay in the service of summons was a primary reason for

---

[1] Effective January 1, 1970, the rule was amended to read as follows:

"(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

passage of Rule 103(b) and its predecessors, the rule is not based upon the subjective test of plaintiff's intent but rather upon the objective test of reasonable diligence in effecting service. *Caliendo v. Public Taxi Service, Inc.* (1966), 70 Ill.App.2d 86, 88, 217 N.E.2d 369; *Karpiel v. La Salle National Bank* (1970), 119 Ill.App.2d 157, 160-61, 255 N.E.2d 61.

In *Caliendo v. Public Taxi Service, Inc., supra,* which was a suit for personal injuries arising from an auto accident, the complaint was filed during April, 1962, and the summons was returned "not found" 1 month later. Plaintiff made no further attempt to serve defendant until nearly 20 months later when plaintiff placed an alias summons which was served upon defendant. Defendant appeared, moved to dismiss the action pursuant to Supreme Court Rule 4(1), and filed an affidavit showing that, for each of the years in question, its correct address was ascertainable from various sources in which it was publicly registered. Plaintiff filed no counter-affidavits and the action was dismissed. In affirming the trial court's decision, this court quoted from *Kohlhaas v. Morse, supra,* that:

> " 'The unexplained failure to obtain service on a party until months after the statute had run could hardly be "reasonable diligence to obtain service, ＊ ＊ ＊" ' "

In *Sullivan v. Nissen Trampoline Co.* (1967), 82 Ill.App.2d 1, 226 N.E.2d 649, the summons placed by plaintiff at the time he filed suit was returned "not found." He did not take out an alias summons until 2 years later. Defendant's motion to quash the service of summons was allowed and, on appeal, this court affirmed that decision, stating that the corporate defendant was an Illinois corporation with a Chicago registered agent and no explanation was made for the delay in placing an alias summons for almost 2 years.

■■ These opinions adequately demonstrate the negative position which has been taken by this court when asked to reverse the trial court's dismissal of a cause of action where the information needed to contact the defendant was available to the plaintiff and he nonetheless failed, without explanation, to obtain service of summons upon the defendant until long after the suit had been filed. *Karpiel v. La Salle National Bank of Chicago, supra; Hansel v. Chicago Transit Authority, supra; Roberts v. Underwood, supra.*

■■ Having examined these and numerous other opinions cited by both parties in support of their respective positions, it is apparent and must be noted that a motion for dismissal for lack of diligence to obtain service is addressed to the sound legal discretion of the trial court, and it is only when there is an abuse of discretion that a reviewing court will interfere. *Mosley v. Spears* (1st Dist. 1970), 126 Ill.App.2d 35, 40, 261 N.E.2d 510.

In the instant case it is not disputed that plaintiff filed his complaint 3 days before the running of the statute of limitations; that he did not place his first alias summons until approximately 20 months after the return of the original summons; that he then waited 26 months before placing a second alias summons; and that he placed his third alias summons 4½ months after issuance of the second. Thus a total of 7 years plus almost 2 months elapsed from the date of the alleged accident and service of process. Defendant places much reliance on the fact that he could easily have been contacted at his place of employment for approximately 7 years after the accident, and urges that, since the location of his employer was listed in the police accident prevention report, plaintiff's failure to obtain and read that report evidences a lack of diligence.

■■ In *Mosley v. Spears, supra,* the court stated that the burden is on the plaintiff to show that prompt service was obtained. And, on the other hand, it is not incumbent upon the defendant to show prejudice by the delay (126 Ill.App.2d 42). See also *Alsobrook v. Cote* (1st Dist. 1971), 133 Ill.App.2d 261, 264, 273 N.E.2d 270.

The record in this case indicates that, after service on December 29, 1969, through the Secretary of State, a special and limited appearance was filed on behalf of the defendant. Thereafter on February 16, 1970, an attorney for defendant, by affidavit, disclosed the California address of defendant.

On March 12, 1970, defendant filed his petition to dismiss pursuant to Rule 103(b). This verified petition set forth, amongst other things, the Chicago addresses of defendant from 1962 until September, 1969, when defendant moved to California; that from November 15, 1962, until September, 1969, defendant was employed by Dyman and Anderson Construction Co., 5839 W. Cleveland, Morton Grove, Illinois, which fact was also listed on a Chicago Police Department traffic accident prevention report dated November 15, 1962. On March 13, 1970, without any reply, counter-affidavits, or disclosure of any efforts by the plaintiff to obtain prompt service, the court denied defendant's petition to dismiss.

On May 28, 1970, the cause was assigned to the trial judge. Thereupon by agreement the parties proceeded to trial before the court without a jury, resulting in a finding and judgment in favor of plaintiff in the amount of $10,000. On June 24, 1970, defendant filed a post-trial motion again challenging service and urging dismissal pursuant to Rule 103(b).

For the first time, on July 3, 1970, plaintiff filed a reply to the Rule 103(b) petition and by affidavit, with various exhibits, set forth his efforts to locate and serve defendant. Thereafter the trial judge denied defendant's post-trial motions.

■■ In our opinion when the defendant filed his verified petition to dis-

miss on March 12, 1970, under Rule 103(b), the question of plaintiff's reasonable diligence became the threshold issue. Plaintiff then had the burden to demonstrate in a proper manner that he had exercised reasonable diligence to effect service. However, without plaintiff's having contradicted or explained any of the allegations set forth in defendant's petition, the court denied defendant's petition. Therefore, the order of March 13, 1970, denying defendant's petition to dismiss is not supported by the record at that time and was in error. As the rules (Supreme Court Rule 307: Interlocutory Appeals as of Right[2]) did not permit an appeal from the March 13, 1970, order, the action of the defendant in proceeding to trial did not constitute any waiver thereof. In any respect this point was preserved by the defendant both in his post-trial motion and in his notice of appeal.

■■ Plaintiff did, of course, file a reply to defendant's post-trial motion which, by way of an affidavit and exhibits, set forth facts tending to show his exercise of reasonable diligence. However, in our opinion, that was too late.

As we have said, the order of March 13, 1970, was in error. Therefore, the judgment of the circuit court of Cook County entered on June 1, 1970, is hereby reversed.

Judgment reversed.

HAYES, P. J., and STAMOS, J., concur.

---

[2] Ill. Rev. Stat. 1969, ch. 110A, par. 307.