EMILY ROSSETT, f/k/a Emily Stein, Adm'r of the Estate of Timothy P. Stein, Deceased, Plaintiff-Appellee, v. DAVID R. BARRICKMAN *et al.*, Defendants-Appellants (James Mansfield *et al.*, Defendants).

Second District No. 2—87—0284

Opinion filed December 18, 1987.

Thomas J. Lee and John E. Ryan, both of Thomas J. Lee, Ltd., of Chicago, for appellants.

Daniel T. Stanton, of Robert J. Cooney & Associates, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendants, David Barrickman and D. J. Kirby, Inc., appeal from the trial court's March 3, 1987, order dismissing plaintiff's action against them "without prejudice" pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). Defendants raise the following issue on appeal: whether the trial court's dismissal of plaintiff's complaint should have been with prejudice.

On December 2, 1982, plaintiff, the administrator of the estate of Timothy Stein, filed a wrongful death and survival action against defendants. The action arose from the injuries sustained by, and subsequent death of, Timothy resulting from a collision between Timothy's motorcycle and a tractor-trailer which was driven by defendant Barrickman and owned by defendant D. J. Kirby, Inc., on October 29, 1982. The last day for filing suit before the statute of limitations would run was October 29, 1984. A supplemental complaint adding additional defendants, not parties to this appeal, was filed on October 29, 1984. On November 9, 1984, plaintiff issued original summons, which was not personally served on the defendants but was served on the Illinois Secretary of State on November 16, 1984. Subsequently, defendants filed a motion to dismiss with prejudice pursuant to Supreme Court Rule 103(b) contending that plaintiff failed to exercise

reasonable diligence in serving summons after the expiration of the statute of limitations. Before any ruling was rendered on the motion, plaintiff moved to voluntarily dismiss the lawsuit, which was granted over defendants' objections. Defendants appealed.

In a Rule 23 order, this court reversed the trial court's order of dismissal and remanded the cause for a decision on defendants' motion, citing the decision in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322. *Rossett v. Barrickman* (1986), 144 Ill. App. 3d 1182 (unpublished Rule 23 order).

Following arguments on remand, the trial court found that, even though plaintiff could have waited until October 29, 1984, to file this suit, she did so on December 2, 1982. The court further found that plaintiff failed to exercise reasonable diligence to obtain service *prior* to the expiration of the applicable statute of limitations and dismissed the case as to the defendants "without prejudice." Additionally, the court found no evidence that reasonable diligence was not exercised *after* the expiration of the statute. It is from this order that defendants appeal contending that because plaintiff failed to exercise reasonable diligence to obtain service of summons and because service was obtained after the expiration of the statute of limitations, the dismissal should be with prejudice.

■■ Initially, we note that, even though the parties have not raised the issue of our jurisdiction to hear this appeal, we do have an obligation to consider this issue where the facts of the case so warrant. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290, 292.) It is well established that an appellate court, subject to certain exceptions for appeals from interlocutory orders specified in Illinois Supreme Court Rules 306, 307, and 308 (107 Ill. 2d Rules 306, 307, 308) which are inapplicable here, is without jurisdiction to review judgments or orders which are not final. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482.) An order does not become final and appealable merely by addition, as here, of the "no just cause to delay appeal" language. See *George D. Hardin, Inc. v. Village of Mount Prospect* (1983), 99 Ill. 2d 96, 100-01, 457 N.E.2d 429, 430.

■■ The denial of a motion to dismiss is not, of itself, a final determination or adjudication of the controversy, but it is interlocutory in nature. (*Catlett v. Novak* (1987), 116 Ill. 2d 63, 68, 506 N.E.2d 586, 589.) Supreme Court Rule 307 (107 Ill. 2d R. 307) governing interlocutory appeals as of right does not permit an interlocutory appeal from the denial of a motion to dismiss brought pursuant to Rule 103(b). See *Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 641, 314 N.E.2d 473, 477.

█ It is clearly evident from the trial court's order that it denied defendants' motion to dismiss, which was based solely on the argument that plaintiff failed to exercise reasonable diligence to obtain service *after* the expiration of the statute of limitations. This is the crux of that part of the order below which defendants seek to reverse on appeal. Under the case law, and Rule 307 referred to above, the denial of a motion to dismiss pursuant to Rule 103(b) is not an order from which an interlocutory appeal is permitted under Rule 307.

The further gratuitous granting of a dismissal "without prejudice" in the order, which was premised on the trial court's finding that plaintiff failed to exercise reasonable diligence to obtain service *prior* to the expiration of the applicable statute of limitations, is of no effect to the appealability question. We note that the defendants, in fact, had been served after the limitations period expired. Therefore, the provision in the first part of Rule 103(b) which is applicable to the failure to serve *prior* to when the limitations period expired and would allow dismissal without prejudice, thereby permitting refiling before the limitations period expired, no longer serves a purpose under the circumstances here. Thus, the inclusion of this finding does not aid defendants in their attempt to appeal from an order otherwise not appealable.

For the foregoing reasons, this appeal is dismissed.

Dismissed.

UNVERZAGT and NASH, JJ., concur.