PEGGY J. FAUST, Adm'r to Collect of the Estate of Joyce Pettis, Deceased, Plaintiff-Appellant, *v.* MICHAEL REESE HOSPITAL & MEDICAL CENTER, *et al.*, Defendants.—(DR. M. GOODFRIEND, Defendant-Appellee.)

First District (3rd Division)    No. 77-601

Opinion filed May 17, 1978.—Modified on denial of rehearing July 19, 1978.

Howard W. Minn and Kenneth A. Green, both of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Kevin T. Martin and Douglas L. Prochnow, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

This is a malpractice action filed against Michael Reese Hospital and Medical Center (Michael Reese), Dr. M. Goodfriend, a staff physician at Michael Reese, and others. The circuit court dismissed the complaint with prejudice as to Dr. Goodfriend only on the ground that plaintiff did not exercise the diligence required by Supreme Court Rule 103(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 103(b)), in obtaining service on Dr. Goodfriend. Plaintiff appeals this ruling.

The complaint was filed and the summons was issued on March 18, 1975, the date on which the applicable statute of limitations would have expired. The sheriff's return showed service on Dr. Goodfriend by delivering a copy to C. Trinidad at Michael Reese on April 8, 1975. Dr. Goodfriend then filed a motion to quash service on the grounds that

Michael Reese is not her usual place of abode and that C. Trinidad is not a member of her household. On June 18, 1975, the circuit court entered an order quashing the service on Dr. Goodfriend.

On June 20, 1975, the plaintiff filed a notice of deposition, with proof of service, directed to the supervisor of records of Michael Reese, requesting the deponent to bring all books, records, memoranda and all listings which show the present or last-known addresses of Dr. Goodfriend. On August 16, 1975, Michael Reese advised plaintiff's attorney that Dr. Goodfriend's address was 2215 North Bassell Street, Chicago, Illinois. The information was erroneous as Dr. Goodfriend's address was then 2215 North Bissell Street. Plaintiff's counsel wrote a letter on August 24, 1975, to Dr. Goodfriend addressed to the North Bassell Street address, inquiring as to where summons could be served on her without embarrassment. The letter was returned marked, "Not deliverable."

Plaintiff filed interrogatories on July 15, 1976, requesting Michael Reese to state the last-known address of Dr. Goodfriend. Michael Reese filed answers on July 30, 1976, stating that until October 1975, Dr. Goodfriend's address was 2215 North Bassell in Chicago. Early in August 1976, an alias summons was issued, directed to Dr. Goodfriend, 2215 North Bassell Street. On August 12, 1976, the sheriff made a return indicating that Dr. Goodfriend was not found. The sheriff had drawn a line through the "a" in the word "Bassell" in the address on the summons and substituted an "i", spelling the word "Bissell."

Plaintiff wrote to the postmaster of Chicago on September 22, 1975, December 14, 1975, and April 16, 1976, relying on the Freedom of Information Act (5 U.S.C. §552 (1970)), and requested the correct address of Dr. Goodfriend. The postmaster did not reply. Plaintiff's attorney had a later telephone conversation with a representative of the main post office of Chicago to determine why there had been no response to the requests for Dr. Goodfriend's address. Plaintiff's counsel was advised to file a new request. Plaintiff's counsel then sent a fourth letter on September 8, 1976, and received a response on September 14, 1976, stating that Dr. Goodfriend's address was 505 North Lake Shore Drive, Apt. 3512, Chicago, Illinois. On October 7, 1976, a second alias summons was issued directed to Dr. Goodfriend at that address; it was served on her there on October 10, 1976.

■ ■ During the year 1975, Dr. Goodfriend resided at 2215 North Bissell Street, Chicago, Illinois, and a telephone number at that address was listed in the 1975 Chicago telephone directory for Marlene Goodfriend. In February 1976, Dr. Goodfriend moved to 505 North Lake Shore Drive, Apartment 3512, Chicago, Illinois, and had a telephone number at that address listed in the 1976 Chicago telephone directory in the name of

Marlene Goodfriend. Commencing in October 1975, Dr. Goodfriend maintained professional offices at 111 North Wabash Avenue, Chicago, Illinois. This address and the telephone number there were also listed in the 1976 Chicago telephone directory.

Supreme Court Rule 103(b) provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the *failure to exercise reasonable diligence* to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 110A, par. 103(b).)

The purpose of this rule is to protect defendants from unnecessary delays in the service of process upon them (*Karpiel v. LaSalle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61), and to safeguard against the undermining and circumvention of the statutes of limitation. (*Kohlhaas v. Morse* (1962), 36 Ill. App. 2d 158, 183 N.E.2d 16.) The rule does not set a specific time limit within which a defendant must be served; instead, it puts the burden upon the plaintiff to show that he has exercised reasonable diligence to obtain service. (*Mosley v. Spears* (1970), 126 Ill. App. 2d 35, 261 N.E.2d 510.) Each case must be judged and evaluated on its own facts and circumstances. (*Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.) However, courts have established certain criteria in determining whether a plaintiff has used reasonable diligence: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) any knowledge on the part of the plaintiff of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) the actual knowledge by the defendant of the pendency of the action as the result of ineffective service; and (6) special circumstances which would affect efforts made by the plaintiff. See *Alsobrook*, at 264, and cases cited therein.

■■ As pointed out above, in this case the plaintiff filed suit on the day on which the statute of limitations would have expired. Dr. Goodfriend was not served until 20 months later. Dismissals pursuant to Rule 103(b) have been upheld where the time between the expiration of the statute of limitations and service on the defendant was less than 20 months. (See *Pisciotto v. National Heater Co.* (1974), 21 Ill. App. 3d 73, 315 N.E.2d 121; *Roberts v. Underwood* (1971), 132 Ill. App. 2d 439, 270 N.E.2d 547; *Karpiel.*) Plaintiff contends however that dismissal was improper because she did not know where to find Dr. Goodfriend; her efforts to locate Dr. Goodfriend evidenced reasonable diligence to obtain service; Dr.

Goodfriend had actual knowledge of the pendency of the suit; and codefendant Michael Reese supplied her with an erroneous address for Dr. Goodfriend. We do not agree.

After the order of June 18, 1975, quashing service on Dr. Goodfriend, plaintiff limited her efforts to locate Dr. Goodfriend to the investigation of only two possible sources of information: codefendant Michael Reese and the United States Post Office in Chicago. After obtaining the 2215 North Bassell address on August 16, 1975, from Michael Reese, plaintiff's counsel sent a letter on August 24, 1975, to Dr. Goodfriend at that address which was returned "Not deliverable." This ambiguous response should have prompted plaintiff to verify the address or at least inquire why the letter was not deliverable. No attempt was made to visit Dr. Goodfriend at this address and plaintiff has not explained why there was no attempt to serve Dr. Goodfriend at that time. Plaintiff waited 11 months after receiving Michael Reese's first response in August 1975, to file interrogatories addressed to Michael Reese requesting the last-known address of Dr. Goodfriend. Michael Reese provided the same information it had almost a year earlier—2215 North Bassell. It was not until August 11, 1976, that plaintiff first attempted service on Dr. Goodfriend at this address.

During the interim, the only effort of plaintiff's counsel was to write three letters to the post office. He waited several months to telephone the post office to inquire why there had been no response to any of his letters. This telephone call apparently was effective in obtaining Dr. Goodfriend's address. However, the record contains no explanation as to why this call could not have been made at an earlier date.

In comparison, the plaintiff in *Alsobrook* wrote to the Secretary of State, Auto Registration Division, to obtain the defendant's address (Ill. Rev. Stat. 1975, ch. 95½, par. 6—118(b)(e)); checked with the county clerk, marriage license division, to determine whether the defendant had her name changed by marriage; examined the area telephone directories; and visited the defendant's last-known address. Notwithstanding these efforts, the court found that the plaintiff failed to exercise due diligence. Plaintiff in this case failed to take any of these steps. Her efforts such as the mailing of three letters to the same source over a period of 7 months when the first two are not answered do not evidence due diligence. On the contrary this indicates a casual and unconcerned approach to locating Dr. Goodfriend. And, although we realize that hindsight is normally excellent, it is obvious that even as a matter of foresight anyone diligently searching for a physician would be expected to contact one of several medical societies in this community, a step which plaintiff failed to take.

The inadequacy of plaintiff's effort is obvious when viewed in conjunction with other pertinent facts. The return of the alias summons of August 11, 1976, stated "not found," but the sheriff had corrected the

address on the front of the summons to Bissell by writing an "i" over the "a" in Bassell. This indicates that service was attempted at 2215 North Bissell despite the improper spelling provided by Michael Reese. Thus, if plaintiff had attempted service at 2215 North Bassell when that address was first provided by Michael Reese, rather than delaying it for 11 months, there is a good probability that service on Dr. Goodfriend would have been effected at a much earlier date. At the very least, plaintiff would have been alerted to the misspelling of Bissell Street.

In any event, Dr. Goodfriend's home address was correctly listed in the Chicago area telephone directories throughout 1975 and 1976 in the name of Marlene Goodfriend. Her professional address was listed in the 1976 directory. The defendant's location was listed in the telephone directory or available through telephone subscriber information at all times relevant to the action.

■■ It is undisputed that Dr. Goodfriend had actual knowledge of the pendency of the suit because of the summons which was incorrectly served on Michael Reese. However, a defendant's actual knowledge of the suit will not prevent a dismissal under Rule 103(b) when, under all the circumstances, a trial court finds that a plaintiff has failed to exercise reasonable diligence in effecting service. (*Karpiel.*) Actual knowledge by defendants is not itself sufficient to require reversal of a dismissal under the rule. (*Connaughton v. Burke* (1977), 46 Ill. App. 3d 602, 361 N.E.2d 87.) In the present case, plaintiff cannot excuse failure to exercise reasonable diligence in effecting service by relying on Dr. Goodfriend's knowledge of the pendency of the lawsuit. Dr. Goodfriend has been available for service at all times and has made no attempt to evade service.

The only special circumstances in plaintiff's favor is the fact that Michael Reese gave Dr. Goodfriend's address as Bassell rather than Bissell. This does not require a reversal of the trial court's action. As stated above, the hospital's error would not have prevented service on Dr. Goodfriend if plaintiff had attempted it prior to Dr. Goodfriend's move to Lake Shore Drive. It cannot excuse plaintiff's failure to further investigate the address provided or her failure to seek other methods to locate Dr. Goodfriend. Under these circumstances, the circuit court acted properly in dismissing the complaint against Dr. Goodfriend with prejudice. The order of the circuit court is affirmed.

Judgment affirmed.

JIGANTI, P. J., and McNAMARA, J., concur.