2022 IL App (2d) 210332-U
No. 2-21-0332
Order filed February 9, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| ROXANA RAMIREZ, | ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 20-L-288 |
| ELIZABETH CALDERON, CLAUDIA YOHANA FORENO NINO, and AMPM EXPRESS LLC, | ) ) ) ) | |
| Defendants | ) ) | Honorable Susan Clancy Boles, |
| (Elizabeth Calderon, Defendant-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court.
Justices Hudson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in dismissing plaintiff's complaint with prejudice due to her seven-month delay in serving defendant after filing the complaint. Plaintiff did not exercise reasonable diligence in attempting service but admitted that the delay was due to her inadvertence.

¶ 2    Plaintiff, Roxana Ramirez, sued defendants, Elizabeth Calderon, Claudia Yohana Foreno Nino, and AMPM Express, LLC (AMPM). Defendants moved to dismiss, alleging that plaintiff had failed to diligently serve them with process. The trial court granted the motion, and plaintiff

filed a timely notice of appeal. Several months later, AMPM filed a motion in this court to dismiss the appeal, alleging that plaintiff had settled with Nino and AMPM. Plaintiff did not oppose the motion, and we granted it. Thus, we consider the issues only concerning defendant Calderon, whom we refer to here as "defendant."

¶ 3    On appeal, plaintiff contends that the trial court erred in granting the motion to dismiss her complaint where there was no evidence that she intentionally delayed service or that the relatively brief seven-month delay prejudiced defendant. We affirm.

¶ 4                                I. BACKGROUND

¶ 5    On June 12, 2020, plaintiff filed her complaint. She alleged that, on June 26, 2018, she was a passenger in a car driven by Calderon when it collided with a vehicle driven by Nino in her capacity as an employee of AMPM.

¶ 6    The court called the case on August 11, 2020, and continued it to December 4, 2020, for "[s]tatus on service." On December 4, 2020, the court continued the case to February 4, 2021, for an unspecified reason. The court called the case again on January 14, 2021, and continued it for "[s]tatus on [s]ervice" to the previously set date of February 4, 2021. On January 22, 2021, the court issued a summons to defendant.

¶ 7    Defendant moved to dismiss with prejudice, arguing that plaintiff was not diligent in effecting service. The trial court granted the motion. The court stated that it had considered the factors listed in *Segal v. Sacco*, 136 Ill. 2d 282, 287 (1990). In explaining its decision, the court noted that (1) the complaint was filed just before the limitations period expired, (2) defendant was ultimately served at the address listed on the police report, and (3) no special circumstances justified the late service. The court noted that plaintiff's attorney's only explanation was that he forgot. Plaintiff timely appealed.

¶ 8                                    II. ANALYSIS

¶ 9     Plaintiff argues that the trial court erred by dismissing her complaint with prejudice where the failure to serve defendant immediately was "inadvertent[ ]" and defendant's ability to defend the suit was not compromised.

¶ 10    Initially, we note that plaintiff's brief fails to comply with the applicable Illinois Supreme Court Rules. It does not contain a statement of the standard of review as required by Illinois Supreme Court Rule 341(h)(4) (eff. Oct. 1, 2020). Further, the statement of facts consists of one sentence, unaccompanied by a citation to the record. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Defendant argues that we would be "more than justified" in dismissing the appeal for these violations. However, plaintiff supplies many of the missing facts in her argument section. Defendant supplies the remaining facts and the applicable standard of review. We thus proceed to consider the issue on the merits.

¶ 11    Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) provides as follows:

> "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion."

¶ 12    The purpose of Rule 103(b) is to prevent "intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run." (Internal quotation marks omitted.) *Verploegh v. Gagliano*, 396 Ill. App. 3d 1041, 1044-45 (2009).

¶ 13    In considering whether a plaintiff exercised due diligence, a trial court "shall review the totality of the circumstances." (Internal quotation marks omitted.) *Id.* at 1044.

> "Once the defendant establishes that the time between the institution of the suit and the date of actual service is indicative of a lack of diligence in the absence of any patently unusual circumstances, the burden shifts to the plaintiff to demonstrate, with specificity and in conformity with the rules of evidence, that reasonable diligence was exercised and to offer an explanation to satisfactorily justify any delay in service." *Kole v. Brubaker*, 325 Ill. App. 3d 944, 949-50 (2001).

Generally, delay over five to seven months is *prima facie* lack of due diligence. *Verploegh*, 396 Ill. App. 3d at 1045. A court's ruling on a motion to dismiss under Rule 103(b) will not be disturbed absent an abuse of discretion. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007).

¶ 14    In *Segal*, the court promulgated a nonexhaustive list of factors to consider in deciding whether the plaintiff exercised due diligence in effecting service:

> "(1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant." *Segal*, 136 Ill. 2d at 287.

¶ 15    Here, plaintiff filed her complaint approximately two weeks before the limitations period expired. Therefore, any failure to exercise reasonable diligence occurred after that time, which requires dismissal with prejudice. Despite the "harsh" sanction of dismissal with prejudice (*id.* at 288), we cannot say that the trial court abused its discretion.

¶ 16    The trial court carefully considered the *Segal* factors and found that none militated in plaintiff's favor. The court noted that plaintiff undertook no activity to serve defendant for more than seven months even though her whereabouts were readily discernible from the police report. The court found no evidence of any special circumstances justifying the delay; rather, plaintiff's attorney's only explanation was that he forgot.

¶ 17    The court's analysis was reasonable. The court continued the case on August 11, 2020, to December 4, 2020, for status on service. Thus, as of at least August 11, 2020, plaintiff should have known that service had not been effected—yet, apparently, she did nothing. On December 4, 2020, the court continued the case again (for an unspecified reason), and on January 14, 2021, it continued the case once more for status on service. Eight days later, the court issued a summons for defendant. Rule 103(b)'s plain language requires that a plaintiff exercise "reasonable diligence" in obtaining service. Ill. S. Ct. R. 103(b) (eff. July 1, 2007). Plaintiff virtually concedes that she did not, contending only that her "inadverten[ce]" should be excused.

¶ 18    Plaintiff relies on *Segal*, where the supreme court held that an "inadvertent" 19-week delay (nearly five months) in obtaining service did not justify dismissal with prejudice. *Segal*, 136 Ill. 2d at 287. However, having set out the factors listed above, the Segal court did not analyze how they applied to the facts before the court. See *id.* at 292-93 (Ryan, J., dissenting). The court relied on the "special circumstances" that (1) the complaint was filed in Cook County where, at that time, cases routinely pended for several years before coming to trial and (2) the defendants were deputy

sheriffs who would normally have been responsible for serving summonses. *Id.* at 288. Neither of these circumstances applies here.

¶ 19    Plaintiff cites additional cases, which are likewise distinguishable. In *Verploegh*, which involved a similar delay, the court detailed the plaintiff's efforts to ascertain the defendant's address and serve him. The defendant apparently moved at least twice during that time. *Verploegh*, 396 Ill. App. 3d at 1045-46. Similarly, in *Jarmon v. Jinks*, 165 Ill. App. 3d 855, 859-860 (1987), *Licka v. William A. Sales, Ltd.*, 70 Ill. App. 3d 929, 937-38 (1979), and *Galvan v. Morales*, 9 Ill. App. 3d 255, 258 (1972), the plaintiffs diligently attempted to locate the defendants but had difficulty doing so.

¶ 20    Plaintiff focuses on the interval between filing the complaint and the service in the foregoing cases, arguing that it was equal to or greater than the seven-month delay here. However, she fails to account for the "activity of [the] plaintiff[s]" (*Segal*, 136 Ill. 2d at 287) in locating the defendants. Here, by contrast, plaintiff admittedly did nothing for more than seven months before ultimately serving defendant at the address listed in the original police report.[1] Generally, dismissals have been affirmed in cases involving seven or more months of delay if the plaintiff was not actively attempting to locate and serve the defendant.

¶ 21    For example, in *Penrod v. Sears, Roebuck & Co.*, 150 Ill. App. 3d 125 (1986), the court held that the plaintiff's failure to serve the defendant for more than seven months showed a lack of reasonable diligence. The plaintiff knew where to find the defendant yet did not even ask the clerk's office about the status of the summons for more than four months. After the plaintiff learned that no summons had issued, he waited an additional three months before having a

---

[1] It appears that defendant Nino was never served.

summons issued. *Id.* at 126. In *Kole*, after the plaintiff's initial summons was returned unserved, she waited seven months to have an alias summons served. *Kole*, 325 Ill. App. 3d at 950-51.

¶ 22 Thus, the trial court did not abuse its discretion in dismissing the action where the delay of more than seven months was attributable to nothing more than inadvertence.

¶ 23                                    III. CONCLUSION

¶ 24 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 25 Affirmed.